THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY D. BROWN, Defendant-Appellant.

Fifth District No. 5—89—0752

Opinion filed May 15, 1991.—Rehearing denied July 2, 1991.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Sherri L.E. Tungate, State's Attorney, of Louisville (Kenneth R. Boyle, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:
After the defendant, Jeffrey Brown, was convicted of the offense of burglary and sentenced to five years in the Department of Corrections, mittimus was stayed, and he was released on his own recognizance until November 2, 1988, when he was to report to the Clay County jail. Brown failed to appear, and a warrant was issued for his

arrest on the charge of escape. Brown pled guilty to the escape charge and was sentenced to four years in the Department of Corrections to be served consecutively to the prior sentence for burglary.

The defendant filed a motion to withdraw his plea of guilty to the escape charge and to vacate the conviction, alleging that the trial court failed to properly admonish him of the consequences of his guilty plea in accordance with Supreme Court Rule 402 (134 Ill. 2d R. 402). The motion was denied, and defendant appeals.

 ■ Rule 402 provides in part:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him.

(b) Determining Whether the Plea is Voluntary. The court shall not accept a plea of guilty without first determining that the plea is voluntary." (134 Ill. 2d Rules 402(a), (b).)

The rule requires substantial, not literal, compliance with its provisions. (*People v. Walker* (1985), 109 Ill. 2d 484, 498, 488 N.E.2d 529, 535, *cert. denied* (1986), 479 U.S. 995, 93 L. Ed. 2d 598, 107 S. Ct. 598.) Substantial compliance, however, mandates more than the admonishment given by the trial court in this case.

 ■ The report of proceedings at the time the plea was taken includes the following exchange:

"THE COURT: Sir this is an open Plea. I have heard what the State is saying their maximum recommendation would be, but do you understand this is not a negotiated plea? In other words, the sentencing is in my discretion. If you entered [*sic*] this, you can be—you could be sentenced at a later date after

we have a pre-sentence investigation report to anything up to and including the legal maximum as previously discussed with you. Do you understand that?

DEFENDANT: Yeah.

THE COURT: Do you have any questions about that at all?

DEFENDANT: No.

THE COURT: Okay. And have there been any promises made to you or threats to you that I haven't heard about in order to obtain this signature on this document?

\* \* \*

MR. MILONE [Defense Counsel]: Would only add for the record Your Honor, the State's remarks about the consecutive part, Mr. Brown does understand the Statute is mandatory and that requires any sentence be consecutive with any underlying charges, so \*\*\*

\* \* \*

THE COURT: All right. Can the State recite a factual basis for this escape charge?

MRS. TUNGATE [Prosecutor]: Yes, Your Honor. If called upon to prove Mr. Brown guilty beyond a reasonable doubt, we'd introduce testimony \*\*\*

THE COURT: All right. Is it still your intent, having heard that recitation, to enter this Plea of Guilty and Waiver of your right to Trial by Jury and also waive your right to preliminary hearing?

THE DEFENDANT: Yes.

THE COURT: All right. \*\*\* There are no guarantees. This is a Class 3 felony. The legal maximum which you are subjecting yourself to here as a possibility would include incarceration in the State Department of Corrections of between two and five years; a fine not to exceed $10,000; or combination of both period of incarceration in the DOC, plus fine. In addition, were you to receive penitentiary time, there would be a mandatory release—Class 3, is it one year?

\* \* \*

THE COURT: All right. Sir if you are sentenced to penitentiary time in this case, after your release from the Department of Corrections, there would be a mandatory supervised release period \*\*\* You want to enter this Plea of Guilty and waive your right to trial by jury and waive your right to preliminary hearing?

* * *

> THE COURT: All right. I'll accept the Plea, I find it know-
> ing and voluntarily made by Mr. Brown, find that there is a
> factual basis to support that Plea."

It is clear from a review of the report of proceedings that Brown was not informed of the nature of the charge, nor was he admonished as to his right to plead not guilty or his right to be confronted with the witnesses against him. Brown was only cursorily admonished that if he pled guilty he would forfeit his right to a trial. In addition, we find merit to Brown's argument that he was not properly advised of the mandatory consecutive minimum sentence he would receive as a result of his plea.

Any sentence imposed with regard to Brown's escape charge was required to be served consecutively to the burglary sentence which he received. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(i).) At the outset of the hearing on the guilty plea the State advised the court in the presence of the defendant, "we would recommend no more than four years at sentencing hearing, that it would be consecutive recommendation to another charge which Mr. Brown is currently facing." During the taking of the plea, the court admonished the defendant that the legal maximum penalty which could be imposed would be between two and five years. The court also admonished Brown that the sentencing is in the court's discretion and that Brown could be sentenced "up to and including the legal maximum as previously discussed." Defense counsel stated for the record that the defendant understood that the statute is mandatory and that any sentence he received would be consecutive with any of the underlying charges against him.

 While defense counsel informed the court that the defendant was aware of the consecutive nature of the sentence and understood that fact, this does not amount to compliance with the requirements of Rule 402. (*People v. Sutherland* (1984), 128 Ill. App. 3d 415, 426, 470 N.E.2d 1210, 1218-19.) Similarly, an awareness of the possibility of receiving a consecutive sentence does not equate with an understanding that a consecutive sentence is mandatory. It is the defendant's *understanding* which the rule seeks to ensure. (*People v. Robinson* (1976), 63 Ill. 2d 141, 145, 345 N.E.2d 465, 467.) The expressions by the trial court did not sufficiently inform the defendant that he was subject to a mandatory consecutive sentence. In fact, the court's statements could conceivably have left the defendant with the impression that the maximum penalty to which he was subject on both the burglary and escape convictions was five years.

The purpose of the Rule 402 admonitions is to assure that the defendant fully understands what he is pleading to, what rights he is waiving by so pleading, and what the results of his action might be. (*People v. Billops* (1974), 16 Ill. App. 3d 892, 894, 307 N.E.2d 206, 208.) Rule 402 is in fact a rule of procedure and *not a suggestion*. It is incumbent upon the courts to follow it. (See *People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221.) In view of the totality of the Rule 402 deficiencies, we find that Brown's guilty plea was not knowingly and understandingly entered. The defendant's conviction is hereby vacated and this cause is remanded to allow Brown to plead anew.

Reversed and remanded.

RARICK, P.J., and GOLDENHERSH, J., concur.