THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH W. HAMPTON, Defendant-Appellant.

Second District   No. 2—92—0094

Opinion filed September 2, 1993.

David E. Camic, of Wilson, Camic & Colton, Ltd., of Aurora, and Marvin Bloom, of Chicago, for appellant.

Dallas C. Ingemunson, State's Attorney, of Yorkville (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Joseph Hampton, pleaded guilty in the circuit court of Kendall County to two counts of attempted murder (Ill. Rev. Stat. 1991, ch. 38, pars. 8—4(a), 9—1(a)(2) (now codified, as amended, at 720 ILCS 5/8—4(a), 9—1(a)(2) (West 1992))), and one count each of aggravated battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—4 (now codified, as amended, at 720 ILCS 5/12—4 (West 1992))), and armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1992))). The court sentenced defendant to consecutive terms of imprisonment of 60 and 45 years on the attempted murder counts and concurrent terms of 5 and 30 years on the remaining charges. Defendant filed a motion to withdraw his guilty plea, which the court denied. Defendant appeals, contending that the court failed to admonish him properly pursuant to Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)) and that the consecutive sentences totalling 105 years were excessive.

Defendant, along with codefendant Jayme Sebers, was charged with the attempted murder, aggravated battery and armed robbery of Michael and Lauren Lichter. Defendant pleaded guilty to the charges. Prior to accepting the plea, the trial court admonished defendant pursuant to Rule 402. The court informed him that he was charged with attempted murder, a Class X felony, and of the minimum and maximum nonextended terms for such an offense. The court further stated that the State had requested extended-term sentences and that an extended-term sentence shall be not less than 30 nor more than 60 years. The court also stated that the sentences could be served either consecutively or concurrently and established that defendant understood the difference between consecutive and concurrent sentences. The court stated, "[I]n other words, the most serious offenses to which you have been charged with [sic] are Class X felonies and if under extended term the maxi-

mum sentence could be 60 years and if served consecutively, could be a maximum term of 120 years."

The State then presented the following factual basis for the pleas. Manny Brown would testify that he went to his brother-in-law's house at the end of Sundown Lane on August 24, 1990. As he was returning home he found an adult male and a female child unconscious and bleeding along the side of the road. He called an ambulance.

Kendall County sheriff's deputy Chuck Bergeron would testify that he interviewed Jayme Sebers and defendant. When he first asked Sebers what happened to defendant's car, Sebers stated that they had struck a deer while out driving. Later, Sebers admitted that they had struck a white male on Sundown Lane for the purpose of robbing him. Sebers admitted he took the man's wallet and removed from it $250, which he split with defendant.

Defendant also initially told Bergeron that they had hit a deer. Later he, too, changed his story and admitted participating in the robbery. Defendant further stated that he took an ax handle from his car and struck Michael and Lauren Lichter about the head and body and left them on the roadway. Medical witnesses would testify concerning the Lichters' injuries.

The court continued the cause for sentencing. Additional evidence concerning the nature and extent of the victims' injuries, both physical and psychological, was introduced in aggravation. Bergeron testified about defendant's continued efforts to kill the victims because they could identify him. Witnesses in mitigation testified concerning defendant's nonviolent nature and his learning disability.

After hearing this evidence, the court sentenced defendant as noted above. In imposing the sentences, the court stated that it was required to impose consecutive sentences on the attempted murder counts. The court stated:

"The attorneys argued that they should be concurrent, the attorneys for the defendants. The State has argued they should be consecutive[;] however, I think what the attorneys for either side argue is immaterial as I believe the legislature has already answered that question by amending on July 1 of 1988, Section 1005—8—4(a), effective July 1, 1988, and removing the discretionary language whereby the court could impose consecutive sentences and requiring that consecutive sentences shall be imposed when one of the convictions is a Class X or a Class 1 Felony, and the Defendant inflicted se-

vere bodily injury. Therefore, the sentences for the two charges of attempted murder shall be served consecutively with the charges of armed robbery and aggravated battery to be served concurrently."

Defendant filed motions to withdraw his guilty plea and to reconsider his sentence. The court denied both motions, and defendant filed a timely notice of appeal.

Defendant's first contention on appeal is that the court failed to admonish him concerning the mandatory consecutive sentences. Defendant contends that while the court informed him of the possibility of consecutive sentences, it did not mention that such sentences would likely be mandatory under the circumstances presented. The State responds that the court substantially complied with Rule 402 by informing defendant of the minimum and maximum sentences and that, in any event, the court's admonishments were proper, since the court did not know that mandatory consecutive sentences would be required until it had heard the factual basis for the plea and the additional evidence in aggravation presented at the sentencing hearing.

Rule 402 requires that, prior to accepting a defendant's guilty plea, the court admonish him concerning "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." (134 Ill. 2d R. 402(a)(2).) The court must comply with Rule 402 substantially, rather than literally. *People v. Walker* (1985), 109 Ill. 2d 484, 498-99.

Defendant relies on *People v. Brown* (1991), 217 Ill. App. 3d 66, to support his contention that the court's admonishments were insufficient. In *Brown*, the defendant initially received a five-year sentence for burglary and was released on his own recognizance until his sentence was to begin on November 2, 1988. When defendant failed to appear on that date, he was charged with escape. He pleaded guilty to that offense, and the court sentenced him to four years' imprisonment, to be served consecutively to the burglary sentence. *Brown*, 217 Ill. App. 3d at 66-67.

Defendant moved to withdraw his guilty plea on the basis that the court failed to admonish him that his sentence for escape was required to be consecutive to his prior burglary sentence. The trial court denied the motion to withdraw the guilty plea, but the appellate court reversed. The court stated that "an awareness of the possibility of receiving a consecutive sentence does not equate with

an understanding that a consecutive sentence is mandatory." *Brown*, 217 Ill. App. 3d at 69.

The *Brown* rationale applies to this case. Although the court admonished defendant of the possibility of consecutive sentences, it failed to inform him that mandatory consecutive sentences would be required if the court found that defendant committed the offenses in a single course of conduct, where one was at least a Class 1 felony and defendant inflicted great bodily harm. (See Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a) (now 730 ILCS 5/5—8—4(a) (West 1992)).) To say that the possibility of consecutive sentences exists is simply not the same thing as saying that consecutive sentences must be imposed. This distinction could well have influenced defendant's decision to forego his right to a jury trial and plead guilty.

The State's contention that the court was unaware that mandatory sentences would be required until it heard the details of the offenses at the sentencing hearing is unavailing. The critical factors— that the offenses were part of the same course of conduct, that they were Class X felonies, and that defendant inflicted great bodily harm—must have been obvious from the charging instruments and from the nature of the offenses themselves. The informations charging attempted murder show that the offenses were committed on the same day and allege that defendant struck the victims in the head with a bludgeon. The information presented to establish the factual basis for the pleas and at the sentencing hearing merely added some detail to these charges but did not alter the nature of the offenses.

Moreover, the cases which the State relies on to support its position, *People v. Laws* (1990), 200 Ill. App. 3d 232, and *People v. Crain* (1988), 165 Ill. App. 3d 1052, are distinguishable. In each case, the defendant was initially sentenced to probation and committed another offense while on probation. Each defendant moved to withdraw his original guilty plea because he was not admonished that a sentence for an offense committed on probation would have to be consecutive to the sentence imposed for the original offense. The courts rejected this contention, pointing out that the trial court is not required to anticipate at the time of initial sentencing that a defendant will violate his probation. The assumption that a defendant will comply with the terms of probation is inherent in the decision to grant probation in the first place. In the instant case, by contrast, it was clear from the nature of the offenses, as set forth in the charging instruments, that the mandatory consecutive sentence provision would most likely be implicated.

It is apparent, then, that defendant was not properly admonished pursuant to Rule 402. He should be permitted to withdraw his guilty plea and plead anew to the offenses. Because of our disposition of this issue, we need not consider defendant's second contention concerning the length of his sentence.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

QUETSCH and COLWELL, JJ., concur.