THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD K. RODGERS, Defendant-Appellant.

Second District   No. 2—92—0346

Opinion filed July 14, 1994.

Jed Stone, of Law Offices of Jed Stone, Ltd., of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

## SUPPLEMENTAL OPINION

JUSTICE QUETSCH delivered the opinion of the court:

●1 This case is before us for the second time. In *People v. Rodgers* (1993), 254 Ill. App. 3d 148, we affirmed the defendant's conviction of first-degree murder (Ill. Rev. Stat. 1991, ch. 38, par. 9—1 (now 720

ILCS 5/9—1 (West 1992))) and his sentence of 45 years in prison. In analyzing the trial court's alleged sentencing error, we determined that the defendant had waived the issue by failing to file a post-sentencing motion and we found that no plain error had been committed. (*People v. Rodgers*, 254 Ill. App. 3d at 155-56.) On June 2, 1994, our supreme court entered a supervisory order vacating our judgment in *People v. Rogers* and remanding the cause for further consideration in light of its recent decision in *People v. Lewis* (1994), 158 Ill. 2d 386, in which it held that a criminal defendant is not required to file a post-sentencing motion in order to preserve a sentencing issue for appeal. We readopt our opinion in *People v. Rodgers* up to the discussion of the alleged sentencing error, and in accordance with *People v. Lewis* we analyze the sentencing issue on its merits.

●2 The defendant argues that the trial court's sentence ignores both his rehabilitative potential and the mitigating factors argued on his behalf, particularly the evidence that he acted under a strong provocation (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.1(a)(3) (now 730 ILCS 5/5—5—3.1(a)(3) (West 1992))) and had no adult criminal record (see Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.1(a)(7) (now 730 ILCS 5/5—5—3.1(a)(7) (West 1992))). However, the record indicates that the trial court examined the presentence report and victim impact statements and heard the evidence in mitigation. Where evidence in mitigation is before the court, we presume that the court considered the evidence, absent some indication, other than the sentence imposed, to the contrary. (*People v. Abrego* (1986), 142 Ill. App. 3d 973, 986.) Further, in weighing the defendant's rehabilitative potential, the trial court was not required to give greater weight to that consideration than to the seriousness of the offense or the other aggravating factors. (*People v. Brajcki* (1986), 150 Ill. App. 3d 506, 515.) The court determined that a 45-year term of imprisonment was necessary to deter others from committing the same crime. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(a)(7) (now 730 ILCS 5/5—5—3.2(a)(7) (West 1992)).) The 45-year term was within the statutory maximum of 60 years' imprisonment for first-degree murder (see Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(1)(a) (now 730 ILCS 5/5—8—1(a)(1)(a) (West 1992))) and did not constitute error.

For the foregoing reasons, we affirm the trial court.

Affirmed.

McLAREN and GEIGER, JJ., concur.