THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICK TAINTER, Defendant-Appellant.

First District (6th Division)    No. 1—95—3935

Opinion filed March 31, 1999.

848

Rita A. Fry, Public Defender, of Chicago (Emily Eisner, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Linda

Woloshin, and Judy L. DeAngelis, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

This case is before us a second time. We affirmed the defendant's conviction of first degree murder (720 ILCS 5/9—1 (West 1994)) and his extended-term sentence of 75 years' imprisonment in *People v. Tainter*, 294 Ill. App. 3d 634, 691 N.E.2d 55 (1998). Justice Buckley dissented on the ground that the trial court should have instructed the jury on the lesser offense of involuntary manslaughter.

Our supreme court entered a supervisory order directing us to vacate our prior opinion and reconsider the case in light of its recent decision in *People v. DiVincenzo*, 183 Ill. 2d 239, 700 N.E.2d 981 (1998), wherein the supreme court found error in the trial court's refusal of a jury instruction on involuntary manslaughter. See *People v. Tainter*, 179 Ill. 2d 612, 702 N.E.2d 527 (1998). Accordingly, our prior opinion is vacated and our reconsideration of the case begins with the trial court's refusal to instruct the jury on the lesser offense of involuntary manslaughter.

■ An instruction defining a lesser offense should be given if there is evidence in the record which, if believed by the jury, would reduce the crime to the lesser offense. See *DiVincenzo*, 183 Ill. 2d at 249, 700 N.E.2d at 987. If the record contains any credible evidence that would reduce the crime of first degree murder to involuntary manslaughter, an involuntary manslaughter instruction is warranted. *DiVincenzo*, 183 Ill. 2d at 249, 700 N.E.2d at 987.

■ A person commits first degree murder when he "kills an individual without lawful justification *** [and] either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or *** he knows that such acts create a strong probability of death or great bodily harm to that individual or another." 720 5/9—1(a)(1), (a)(2) (West 1994). In contrast, a person commits involuntary manslaughter when he "unintentionally kills an individual without lawful justification *** [and] his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly." 720 ILCS 5/9—3(a) (West 1994). "The basic difference between involuntary manslaughter and first degree murder is the mental state that accompanies the conduct resulting in the victim's death." *DiVincenzo*, 183 Ill. 2d at 249, 700 N.E.2d at 987.

■ The crux of involuntary manslaughter is recklessness. "A

person is reckless or acts recklessly, when he *consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow*, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." (Emphasis added.) 720 ILCS 5/4—6 (West 1994).

■ The facts and circumstances of each case must be considered when determining whether an involuntary manslaughter instruction is warranted. *DiVincenzo*, 183 Ill. 2d at 251, 700 N.E.2d at 988. The following factors, although not dispositive, may suggest there was evidence of recklessness that would support the giving of an involuntary manslaughter instruction: (1) the disparity in size between the defendant and the victim; (2) the brutality and duration of the beating, and the severity of the victim's injuries; and (3) whether a defendant used his bare fists or a weapon, such as a gun or a knife. *DiVincenzo*, 183 Ill. 2d at 251, 700 N.E.2d at 987-88.

■ In this case, there is a question regarding the disparity in size between the defendant and the victim. The record shows that at the time of the killing, defendant was 36 years old, 5 feet 9 inches tall, weighing 170 pounds. Johnson was 56 years old (though appearing younger), approximately 5 feet 2 inches tall, weighing 191 pounds. However, as this court noted in our prior opinion, this is not a case where an adult has killed a child. See, *e.g., People v. Ward*, 101 Ill. 2d 443, 463 N.E.2d 696 (1984); *People v. Drumheller*, 15 Ill. App. 3d 418, 304 N.E.2d 455 (1973). Thus, while there is a disparity here, it is not as great as in prior cases where it was considered as a factor militating against a lesser offense instruction.

In contrast, the brutality and duration of the beating, and the severity of the victim's injuries, is a factor that could militate against a finding of recklessness. In this case, after punching Johnson in the face with sufficient force that Johnson spun around, defendant delivered a "round-house" kick that sent Johnson to the ground. When Johnson attempted to get up, defendant punched her in the jaw. The medical testimony shows that her jawbone was broken and that it takes a great deal of force to cause such a fracture. Defendant continued to punch and kick Johnson numerous times while she was on the ground, causing multiple injuries. The record contains no evidence the victim was able to defend herself.

This case could be likened to *People v. Rodgers*, 254 Ill. App. 3d 148, 152, 626 N.E.2d 260, 263 (1993), *vacated on other grounds*, 156 Ill. 2d 564, 634 N.E.2d 751 (1994), *readopted in pertinent part*, 265 Ill. App. 3d 1, 637 N.E.2d 755 (1994), in which this court held that the involuntary manslaughter instruction was not warranted where the

victim died of bleeding over the surface of the brain, due to blunt force injury, after defendant repeatedly punched the victim in the face. However, we are cognizant that each case must be decided on its own facts. The victim here was able to get up, walk home, wash her face and remained ambulatory for several days. Johnson was bruised in several places and had a broken jaw, but died from a bacterial infection related to the broken jaw. The beating may have caused her death precisely because the injuries inflicted did not seem immediately life-threatening.

A jury could find that the nature of the beating was such that defendant knew it created a strong probability of great bodily harm. See *DiVincenzo*, 183 Ill. 2d at 251, 700 N.E.2d at 988, citing *People v. Trotter*, 178 Ill. App. 3d 292, 298, 533 N.E.2d 89, 92 (1988) (involuntary manslaughter instruction generally not warranted where the record shows multiple wounds or the victim's defenselessness). However, given defendant's testimony that suggested the beating was part of a jealous rage, as well as the unusual final cause of death, we recognize that a jury might find to the contrary, which militates in favor of giving the lesser offense instruction.

In addition, defendant testified that he used his bare fists, rather than a gun or a knife, which militates in favor of giving the lesser offense instruction. Similarly, while *DiVincenzo* does not expressly consider whether the fact that the parties had been drinking or were intoxicated prior to the killing is evidence of recklessness, this court has recognized that drinking may be considered when determining whether a lesser offense instruction is warranted. See, *e.g., People v. Taylor*, 212 Ill. App. 3d 351, 570 N.E.2d 1180 (1991); *People v. Bembroy*, 4 Ill. App. 3d 522, 526, 281 N.E.2d 389, 393 (1972). Although *Taylor* and *Bembroy* may be factually distinguishable from this case, the fact-specific nature of the inquiry here does not preclude a jury from considering the consumption of alcohol on the question of recklessness.

In sum, *DiVincenzo* emphasizes that the determination of the defendant's mental state is a "task particularly suited to the jury." *DiVincenzo*, 183 Ill. 2d at 252, 700 N.E.2d at 988. Given the *DiVincenzo* court's approach to the evidence in that case, we can no longer conclude that there was insufficient evidence to warrant the lesser offense instruction here.

For all of the aforementioned reasons, our prior opinion in this case is vacated in accordance with the supreme court's supervisory or-

852

der, the judgment of the circuit court of Cook County is reversed and the case is remanded for a new trial.

Reversed and remanded.

BUCKLEY and O'BRIEN, JJ., concur.