(No. 74739

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ETHEL B. LEWIS, Appellant.

*Opinion filed March 24, 1994.*

G. Joseph Weller, Deputy Defender, and Steven E. Wiltgen, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen, Assistant Attorney General, of Chicago, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

The defendant, Ethel Lewis, was charged by indictment with unlawful delivery of a controlled substance (Ill. Rev. Stat. 1987, ch. 56$^1$/$_2$, par. 1401(c)). She was alleged to have delivered on November 3, 1988, less than one gram of a substance containing cocaine to an undercover officer. In September of 1990 a jury found her guilty as charged. Following the denial of her *pro se*

motion for a new trial, in which she asserted the incompetence of trial counsel, she was sentenced on December 12, 1990, to probation for a term of 30 months conditioned upon, *inter alia*, the performance of 100 hours of public service during each year of probation and the serving of a period of home detention for 360 days. Defendant filed a notice of appeal in the appellate court on January 4, 1991, having filed no post-sentencing motion of any kind.

On appeal she presented issues related only to sentencing, contending that certain terms appearing in the written sentencing order altered or were absent from oral pronouncements of the court made upon sentencing. Following *People v. Macke* (1992), 224 Ill. App. 3d 815, the appellate court dismissed the appeal for defendant's failure to file a motion to reduce her sentence in the circuit court within 30 days after sentence was imposed, as required by section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)). The appellate court ruled that defendant had failed to preserve properly any error that might have occurred upon sentencing. We granted defendant leave to appeal (134 Ill. 2d R. 315).

Section 5—8—1(c) provides as follows:

"A motion to reduce a sentence *may* be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. However, the court may not increase a sentence once it is imposed.

If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, the proponent of the motion shall exercise due diligence in seeking a determination on the motion and the court shall thereafter decide such motion within a reasonable time.

If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court.

A motion to reduce a sentence shall not be considered to have been timely filed unless it is filed with the circuit court clerk within 30 days after the sentence is imposed together with a notice of motion, which notice of motion shall set the motion on the court's calendar on a date certain within a reasonable time after the date of filing." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c).)

In *Macke* one of the districts of the appellate court held that section 5—8—1(c) requires a defendant to file a motion to reduce his sentence with the trial court within 30 days after the sentence is imposed before he may bring an appeal related solely to matters of sentencing. (*Macke*, 224 Ill. App. 3d at 816.) In *People v. Turner* (1992), 233 Ill. App. 3d 449, 456, however, another district of the appellate court expressly declined to follow *Macke*, thereby creating a conflict among the districts of that court.

The question before us is one of statutory construction. A primary rule of statutory construction is that the intention of the legislature be ascertained and given effect. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475.) In order to determine legislative intent, a statute must be read as a whole, and all relevant parts must be considered. (*People v. Jordan* (1984), 103 Ill. 2d 192, 206.) Whether a statutory provision is to be deemed mandatory or merely directory depends upon the intent of its drafters. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 562.) An important aid in the determination of the question whether a provision is mandatory or directory is the form of the verb used in the statute. (*Youngbey*, 82 Ill. 2d at 562.) Except in very unusual circumstances affecting the public interest, legislative use of the word "may" is permissive rather than mandatory. (*In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 298.) That is to say, in statutory construction the word "may" means "must" or "shall" only where the public interest and

rights are concerned and where the public or third persons have a claim *de jure* that a power be exercised or where it is necessary so to construe the word in order to carry out the legislative intent. *Boddiker v. McPartlin* (1942), 379 Ill. 567, 578.

Section 5—8—1(c) states initially that "[a] motion to reduce sentence *may* be made, or the court *may* reduce a sentence without motion, within 30 days after the sentence is imposed." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c).) Here no unusual circumstances affecting the public interest are present. In this provision the legislature has granted defendants permission to move for a reduction in sentence within 30 days after its imposition. Such legislative authorization appears on its face to be no more mandatory than is the legislature's authorization of the court, in the same sentence of section 5—8—1(c), to reduce a sentence without motion in the same 30-day period. Nor does any other language of section 5—8—1(c) suggest that the legislature intended to require a defendant to move for reduction of sentence within 30 days after sentence has been imposed as a prerequisite to the appeal of matters related to sentencing.

Although the court in *Macke* likened such a requirement to both the requirement of a post-trial motion to preserve issues on appeal (Ill. Rev. Stat. 1989, ch. 38, par. 116—1(b)) and the requirement of a motion to withdraw a guilty plea prior to bringing an appeal (134 Ill. 2d R. 604(d)) (*Macke*, 224 Ill. App. 3d at 816), even a cursory examination of those two provisions reveals that the language contained therein is strikingly different from the permissive language chosen by the drafters here.

The court in *Macke* found the requirement of a motion to reduce sentence to be a means of promoting both judicial economy and finality of judgments. (*Macke*, 224

391

Ill. App. 3d at 816.) However, a statute is to be interpreted and applied in the manner in which it is written, when it is permissible to do so under the Constitution, and is not to be rewritten by a court in an effort to render it consistent with the court's view of sound public policy. (*Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 220.) The language of the provision in question, whether considered alone or in context, provides no support for the conclusion that the legislature intended to require, rather than merely to permit, a motion to reduce the sentence of a defendant wishing to appeal the severity of that sentence.

Therefore, the appellate court erred in dismissing defendant's appeal. Accordingly, we vacate that dismissal and remand the cause to the appellate court for consideration of the issues raised by defendant for review.

*Appellate court's dismissal vacated;*
*cause remanded.*