THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRANCE LEMONS, Defendant-Appellant.

First District (4th Division)    No. 1—90—2689

Opinion filed May 4, 1995.—Rehearing denied May 24, 1995.

Michael J. Pelletier and Patricia Unsinn, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Christine Cook, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SHEILA O'BRIEN delivered the opinion of the court:

This case is before us for the second time. In *People v. Lemons* (1993), 255 Ill. App. 3d 23, 627 N.E.2d 280, we affirmed defendant's conviction of first-degree murder (Ill. Rev. Stat. 1987, ch. 38, par.

9—1(a)(1) (now 720 ILCS 5/9—1(a)(1) (West 1992))) and his 50-year prison sentence. In analyzing the trial court's alleged sentencing error, we determined defendant waived the issue by failing to raise it in a post-sentencing motion. (*Lemons*, 255 Ill. App. 3d at 29.) On June 2, 1994, our supreme court entered a supervisory order vacating our judgment in *People v. Lemons* and remanding the cause for further consideration in light of *People v. Lewis* (1994), 158 Ill. 2d 386, 634 N.E.2d 717. In *Lewis*, the court held that a criminal defendant is not required to file a post-sentencing motion to preserve a sentencing issue for appeal. We readopt our opinion in *People v. Lemons* up to the discussion of the alleged sentencing error, and in accordance with *People v. Lewis*, we analyze the sentencing issue on its merits.

■ Defendant argues we should reduce his sentence to 30 years' imprisonment because in *People v. Brown* (1993), 243 Ill. App. 3d 170, 612 N.E.2d 14, we reduced his codefendant's (Brown's) sentence for the same first-degree murder from 45 years to 30 years. We disagree. We reduced Brown's sentence because he had no prior criminal record. (*Brown*, 243 Ill. App. 3d at 176.) By contrast, defendant has a prior conviction of possession of a controlled substance. Defendant's more serious criminal record supports a longer sentence than the one imposed on his codefendant Brown. *People v. Spears* (1993), 256 Ill. App. 3d 374, 383, 628 N.E.2d 376.

■ Further, the trial court did not abuse its discretion when sentencing defendant. The court read the presentence report and heard the evidence in aggravation and mitigation. The court noted the victim had been shot approximately 200 times, and it stated "defendant's character [and] attitude was such that the [same] situation would *** occur in the future would the opportunity present itself." Given the seriousness of the crime and defendant's lack of rehabilitative potential, the court sentenced defendant to 50 years in prison. The 50-year term was within the statutory maximum of 60 years' imprisonment for first-degree murder (see Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(1)(a) (now 730 ILCS 5/5—8—1(a)(1)(a) (West 1992))) and did not constitute error.

Affirmed.

HOFFMAN, P.J., and CAHILL, J., concur.