(No. 80967.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ERNEST D. JAMISON, Appellant.

*Opinion filed January 29, 1998.*

Charles Schiedel, Deputy Defender, and Charles

Hoffman, Assistant Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

James E. Ryan, Attorney General, of Springfield, and Charles Reynard, State's Attorney, of Bloomington (Barbara A. Preiner, Solicitor General, and William Browers and Arleen C. Anderson, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

The defendant, Ernest Jamison, pleaded guilty in the circuit court of McLean County to first degree murder (720 ILCS 5/9—1(a)(1) (West 1994)) and armed robbery (720 ILCS 5/18—2 (West 1994)). Defendant waived his right to a trial by jury for the sentencing phase of his proceedings. The trial judge found defendant eligible for the death penalty based on the statutory aggravating factor that the murder occurred in the course of a felony. 720 ILCS 5/9—1(b)(6) (West 1994). After considering the factors in aggravation and mitigation presented during the sentencing hearing, the trial judge found that there were no mitigating factors sufficient to preclude imposition of the death penalty. The trial judge subsequently sentenced defendant to death for the murder. The trial judge additionally sentenced defendant to a consecutive term of 30 years' imprisonment for the armed robbery. The trial judge denied defendant's motion to reconsider his sentences. Defendant's death sentence has been stayed pending his direct appeal to this court. Ill. Const. 1970, art. VI, § 4(b); 134 Ill. 2d Rs. 603, 609(a).

## I. BACKGROUND

Defendant raises several issues on appeal. Defendant first contends that this cause must be remanded to the trial court for proceedings consistent with Supreme

Court Rule 605(b) (145 Ill. 2d R. 605(b)) because he did not receive the admonitions required by that rule following his sentencing. Because we find that this cause must be remanded to the trial court for these proceedings, we address only those facts pertinent to our decision here.

Defendant was charged by indictment on July 13, 1995, with three counts of first degree murder and one count of aggravated vehicular hijacking. The charges stemmed from the June 19, 1995, murder of Susan Gilmore at the Quick Pic convenience store and gasoline station in McLean, Illinois. Defendant initially entered a plea of not guilty to the charges. On September 1, 1995, the State charged defendant with armed robbery during the same incident.

Also on that day, defendant withdrew his plea of not guilty to all of the charges and entered a plea of guilty to the first degree murder charge in count I and to the armed robbery charge in count V. The State indicated that it would not prosecute the remaining counts if the court accepted the defendant's plea to counts I and V. The trial court proceeded to admonish defendant in accordance with Supreme Court Rule 402 and found that his guilty plea was entered knowingly and voluntarily. After the prosecutor recited the factual basis for defendant's guilty pleas as to counts I and V, the court accepted the plea.

On October 3, 1995, defendant waived his right to a jury sentencing hearing. On December 4, 1995, the case proceeded to the eligibility phase of defendant's death penalty hearing. Based on the testimony presented at that hearing, the trial judge found that defendant was eligible for the death penalty under the felony murder aggravating factor (720 ILCS 5/9—1(b)(6)(c) (West 1994)).

The court then proceeded with an aggravation and mitigation hearing and, after the presentation of evi-

dence by the parties, took the question of sentence under advisement. On February 21, 1996, the court sentenced defendant to death on the murder conviction and 30 years' imprisonment on the armed robbery conviction. In the sentencing order, the trial judge stated: "[d]efendant is ordered to file any post-trial motions within thirty days of this date and a hearing on post trial motions is set March 29, 1996 at 2:00 p.m."

On March 14, 1996, defendant filed a motion for reconsideration of the sentences. Defendant did not file a motion to withdraw his plea of guilty. On April 1, 1996, the trial judge denied defendant's sentencing motion. This direct appeal followed.

## II. ANALYSIS

Supreme Court Rule 604(d) provides the requirements a defendant must meet when appealing from a judgment entered on a plea of guilty. Rule 604(d) states in relevant part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. *** Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." 145 Ill. 2d R. 604(d).

Rule 605(b) provides the admonitions the trial judge must give a defendant when imposing sentence on a defendant who pleaded guilty. Rule 605(b) complements Rule 604(d) and serves as a corollary to the requirements of Rule 604(d). *People v. Tufte*, 165 Ill. 2d 66, 71 (1995). Rule 605(b) states in relevant part:

> "In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

* * *

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." 145 Ill. 2d R. 605(b).

Here, defendant did not file a motion in the trial court to withdraw his guilty plea. He filed only a motion to reconsider his sentences. He points out, however, that the trial judge did not admonish him in accordance with Rule 605(b). Defendant argues that because of this failure by the trial judge, this cause should be remanded for Rule 605(b) admonitions so that he may have an opportunity to file a motion to withdraw his guilty plea.

We must now determine whether the trial judge's failure to give Rule 605(b) admonitions requires that this cause be remanded to the trial court for that purpose so that defendant can file a motion to withdraw his guilty plea should he decide to do so.

Compliance with Rule 604(d) is a condition precedent to a defendant's appeal. *People v. Wilk*, 124 Ill. 2d 93, 105 (1988). Because this is a capital case, defendant's appeal is automatic. Nonetheless, Rule 604(d) applies to capital cases (*People v. Janes*, 158 Ill. 2d 27 (1994)), and a capital defendant waives issues regarding his guilty plea if he does not follow the rule (*People v. Stewart*, 123 Ill. 2d 368, 374 (1988)).

Under Rule 604(d), the appellate court must dismiss the appeal of a defendant failing to file a written motion

to withdraw his plea of guilty or to reconsider his sentence. *People v. Foster*, 171 Ill. 2d 469, 471 (1996). This court has found an exception to automatic dismissal when the trial judge fails to give Rule 605(b) admonitions and the defendant submits a motion to withdraw a plea of guilty in an incorrect manner. *Foster*, 171 Ill. 2d at 473 (no dismissal where defendant submitting an oral motion to withdraw a guilty plea did not receive Rule 605(b) admonitions). In *Foster* we held that, under those circumstances, the appellate court had no discretion but to remand the cause to the trial court for defendant's strict compliance with Rule 604(d). *Foster*, 171 Ill. 2d at 474.

We are now called upon to decide whether we must remand a cause for Rule 605(b) admonitions when an unadmonished defendant fails to file a motion to withdraw his guilty plea. As stated in *Wilk*, rules of this court concerning criminal defendants and pleas of guilty are not suggestions. *Wilk*, 124 Ill. 2d at 103. When the language of a supreme court rule is plain and unambiguous, courts will not read in exceptions, limitations, or other conditions. *People v. Daniels*, 172 Ill. 2d 154, 163 (1996). Rule 605(b) states that, "[i]n all cases in which a judgment is entered upon a plea of guilty," the trial judge "shall" advise the defendant at the time of sentencing of certain appeal rights and requirements. 145 Ill. 2d R. 605(b). Rule 605(b) admonitions are, therefore, mandatory. Further, Rules 604(d) and 605(b) are meant to work together. *Wilk*, 124 Ill. 2d at 103. This court requires strict compliance with Rule 604(d) by a defendant. *Foster*, 171 Ill. 2d at 474. A necessary antecedent, however, is that the defendant be given the admonitions prescribed by Rule 605(b) to advise him of those requirements. When the trial judge fails to provide the admonitions required by Rule 605(b) and the defendant fails to follow Rule 604(d), we believe it is appropri-

ate to remand the cause to the trial court for proceedings consistent with Rule 605(b).

Here, the trial judge ordered defendant only "to file any post-trial motions within thirty days of this date." This admonition does not substantially advise defendant in accordance with Rule 605(b). Because defendant was not admonished in accordance with Rule 605(b), we retain jurisdiction and remand this cause to the circuit court so that defendant can be given correct admonitions and allowed the opportunity to withdraw his guilty plea.

In opposition to this result, the State argues that defendant's filing of a motion to reconsider his sentences in accordance with Rule 604(d) shows that he was aware of the requirements of the rule and that he made a strategic choice to challenge only his sentences. Thus, the State contends that defendant was not harmed in any way by the trial judge's failure to properly admonish him. With nothing to guide us in the record about defendant's reasons for filing only a motion to reconsider his sentences, however, it would be speculation on our part to assume that defendant was aware of the requirements of Rule 604(d) and, moreover, deliberately chose not to seek withdrawal of his guilty plea.

The State further suggests that the defendant's remedy for any deficiency in the trial judge's admonitions properly lies in post-conviction proceedings, in which he could challenge the competency of his trial counsel. We do not agree. In the present case, the trial judge's failure to provide the necessary admonitions is apparent from the record, and it is therefore appropriate to remand the cause for strict compliance with the rules regarding guilty pleas, as was done in *Foster*. We do not believe that the defendant should, in these circumstances, be limited to the more restrictive forum of post-conviction proceedings.

Defendant raises several other issues in this appeal, but we need not consider these questions at this time. If, after remand, defendant elects not to file a timely motion to withdraw his plea of guilty or his motion to withdraw the plea is denied, this court will then address defendant's remaining arguments and, at defendant's request, any issues related to the denial of the motion. *Janes*, 158 Ill. 2d at 36. Because defendant's remaining arguments would be moot if defendant files a motion to withdraw his guilty plea and the motion is allowed by the trial judge, we do not address those issues at this time.

### III. CONCLUSION

Strict compliance with Rule 605(b) is required. When a defendant is not given Rule 605(b) admonitions and subsequently fails to file a motion to withdraw his plea of guilty, the cause should be remanded for further proceedings. Pursuant to this court's supervisory authority, we retain jurisdiction and remand this cause to the circuit court of McLean County for proceedings consistent with Rule 605(b), so that defendant may be admonished and have an opportunity to file a motion to withdraw his plea of guilty under Rule 604(d) if he desires. *Janes*, 158 Ill. 2d at 35-36. Defendant's counsel is to make a timely report to the clerk of this court on the progress of this cause in the circuit court. If, after receiving Rule 605(b) admonitions, defendant does not file a motion to withdraw his guilty plea, we will address his other arguments. If defendant files a motion to withdraw his guilty plea and it is allowed, this court will release jurisdiction back to the circuit court of McLean County. If defendant files a motion to withdraw his guilty plea and it is denied, we will address his remaining arguments and, if he appeals the denial, any issues related to that decision.

*Cause remanded with directions.*