THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ZACHERY HAYES, a/k/a Anthony Felton, Defendant-Appellant.

First District (6th Division)    No. 1—00—3681

Opinion filed December 6, 2002.

Michael J. Pelletier and Patricia Mysza, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Annette Collins, Allen Spellberg, and Bette Plass, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:
Defendant Zachary Hayes entered a nonnegotiated plea of guilty to possession of a controlled substance with intent to deliver within 1,000 feet of a church (No. 99 CR 18569). The trial court sentenced defendant to serve a six-year prison term consecutively to a seven-year

sentence imposed after defendant's conviction in a separate case for delivery of a controlled substance (No. 99 CR 26511). Defense counsel filed a motion to reconsider and modify the sentence in the instant case, arguing that the trial court relied on an unconstitutional statute to impose a consecutive sentence. The trial court denied the motion. Defendant, through counsel, filed a notice of appeal without filing a motion to withdraw defendant's guilty plea or a certificate in compliance with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). Defendant appeals the denial of his motion to reconsider and challenges the trial court's acceptance of his guilty plea.

Specifically, defendant contends that defense counsel failed to comply with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)); that the trial court failed to comply with Supreme Court Rule 605(b) (188 Ill. 2d R. 605(b)); and that defendant's plea was not knowing and voluntary because the trial court failed to comply with Supreme Court Rule 402 (177 Ill. 2d R. 402). Our review of the legal questions regarding supreme court rule compliance is *de novo. People v. Hall*, 198 Ill. 2d 173, 177 (2001). Defendant also contends that his consecutive sentence was unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

## I. SUPREME COURT RULE 604(d) CERTIFICATE

■ Defendant contends, the State concedes, and the record establishes that defendant's trial counsel failed to file a certificate indicating compliance with Rule 604(d), which requires counsel to certify that he consulted with defendant, examined the trial court file and report of proceedings, and made any necessary amendments to defendant's motion to reconsider. The appropriate remedy for the failure to strictly comply with the requirements of Rule 604(d) is a remand to the circuit court for a new hearing in compliance with the rule. *People v. Janes*, 158 Ill. 2d 27, 33-36 (1994).

## II. SUPREME COURT RULE 605(b)

■ The record establishes that the trial court's admonitions following defendant's guilty plea and sentencing did not comply with Supreme Court Rule 605(b). Rule 605(b) requires the trial court to advise defendant regarding the following: (1) his right to appeal; (2) the necessity of filing a timely written motion to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the guilty plea; (3) the possible consequences if such a motion is granted; and (4) the waiver of any issues not raised in the motion. Strict compliance with Rule 605(b) is required, and when a defendant is not given Rule 605(b) admonitions and subsequently fails to file a motion to withdraw his guilty plea, the appropriate remedy is

a remand to the circuit court for proceedings consistent with Rule 605(b).

Specifically, Supreme Court Rule 605(b) requires the trial judge to advise the defendant substantially as follows:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." 188 Ill. 2d R. 605(b).

The trial court in the instant case, in violation of this rule, admonished defendant as follows:

"[Y]ou have the right to petition this court to withdraw your plea of guilty. If you wish to do so, you must file that petition in writing within a 30-day period stating your reasons. If you don't do it within 30 days, you will lose your right to do so. If you don't have a lawyer for that purpose; if you cannot afford one, one will be provided for you. You will also be entitled to a free transcript of this proceeding."

That admonition failed to inform the defendant of the following: (1) defendant has a right to appeal; (2) before appealing defendant is required to file a written motion to withdraw the plea; (3) if that motion is granted, the plea will be vacated and a trial date set on the charges; (4) the State can reinstate dismissed charges; and (5) any issue not raised by the motion shall be deemed waived in an appeal taken from the plea. The trial judge failed to admonish defendant that filing a written motion to withdraw the plea is required before an appeal can be taken. Additionally, the incomplete admonitions failed to

inform the defendant of the consequences of filing a motion to withdraw the plea.

Defense counsel did not file a motion to withdraw the plea of guilty prior to filing the notice of appeal. Regarding the consequences of that failure, we find *People v. Jamison*, 181 Ill. 2d 24 (1998), instructive. In *Jamison*, the defendant pled guilty, was sentenced, and then filed a motion for reconsideration of the sentence. However, the defendant failed to file a motion to withdraw his plea of guilty. The motion for reconsideration of the sentence was denied. Defendant appealed. The trial judge admonished defendant that he must "file any post-trial motions within thirty days of this date." *Jamison*, 181 Ill. 2d at 27. The supreme court held that the trial judge failed to properly admonish defendant regarding the fact that he was required to file a timely motion to withdraw the plea in order to appeal. *Jamison*, 181 Ill. 2d at 30. The supreme court in *Jamison* indicated as follows:

> "Here, the trial judge ordered defendant only 'to file any post-trial motions within thirty days of this date.' This admonition does not substantially advise defendant in accordance with Rule 605(b). Because defendant was not admonished in accordance with Rule 605(b), we retain jurisdiction and remand this cause to the circuit court so that defendant can be given correct admonitions and allowed the opportunity to withdraw his guilty plea." *Jamison*, 181 Ill. 2d at 30.

■ Similar to *Jamison*, defendant's attorney filed a motion to reconsider the sentence. When that motion was denied, defendant's attorney filed a notice of appeal without filing a motion to withdraw defendant's guilty plea. The trial court's admonition failed to articulate the procedural steps required in order for defendant to appeal. The trial judge failed to admonish defendant regarding the fact that he was required to file a timely motion to withdraw the plea prior to taking an appeal. Moreover, the trial court discussed defendant's right to withdraw his guilty plea, but failed to inform defendant of the consequences if the motion to withdraw the guilty plea were allowed. Applying the rationale articulated in *Jamison*, we find the trial court failed to properly admonish defendant under Supreme Court Rule 605(b).

## III. SUPREME COURT RULE 402

■ Defendant also contends that the trial court failed to inform him that his six-year sentence would be consecutive to his seven-year sentence in an unrelated case. Defendant claims that such failure constituted a violation of Supreme Court Rule 402 (177 Ill. 2d R. 402) and rendered his guilty plea not knowing and involuntary. Rule 402 requires that, before accepting a guilty plea, the trial judge admonish

the defendant regarding the nature of the charges against him, his right to plead guilty or not, the minimum and maximum sentences prescribed by law, and the fact that by pleading guilty he waives his right to trial by jury and to confront the witnesses against him. 177 Ill. 2d Rs. 402(a)(1) through (a)(4).

In relevant part, Supreme Court Rule 402 provides:

"In hearings on pleas of guilty, or in any case in which the defense offers to stipulate that the evidence is sufficient to convict, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty or a stipulation that the evidence is sufficient to convict without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

\*\*\*

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences[.]" 177 Ill. 2d R. 402(a)(2).

Defendant entered an open or nonnegotiated plea of guilty to possession of a controlled substance with intent to deliver within 1,000 feet of a church. During the plea of guilty the trial court failed to admonish defendant that he was eligible for consecutive sentences. Defendant pled guilty and was sentenced on this case (No. 99 CR 18569) to a six-year prison term to be served consecutively to a seven-year prison term he received in a separate case (No. 99 CR 26511). The trial court admonished defendant as follows:

"THE COURT: This is a Class 1 felony. It carries a penalty from 4 to 15 years in the Illinois Department of Corrections, and up to $25,000 in fines. It also carries a 2-year mandatory supervised release period once you are released from the penitentiary.

Do you understand this charge and the possible penalties?

DEFENDANT: Yes, sir.

THE COURT: And based on your background, to a mandatory Class X sentencing. A Class X sentence caries a penalty from 6 to 30 years in the Illinois Department of Corrections, and up to $25,000 in fines, and it carries a 3-year mandatory supervised release period once you are released from the penitentiary.

Do you understand the possible penalties on the Class X sentencing?

DEFENDANT: Yes, sir."

The court accepted the guilty plea and sentenced defendant on the instant case to six years in prison "to run consecutive to 99 CR 26511." We note the court properly admonished defendant regarding the

instant case of the penalty, fine, and mandatory supervised release. However, the court failed to explain what factor was the basis for the consecutive sentence. More importantly, the trial court violated Rule 402 by failing to advise defendant before he pled guilty in this case that he was eligible for consecutive sentencing to a seven-year sentence he was serving on a previous case.

■ Defendant's attorney filed a motion for reconsideration of the sentence. Defense counsel failed to allege that the plea was involuntary due to the inadequate admonishments regarding the potential sentence and failed to file a motion to withdraw the plea. We are mindful that generally under Illinois Supreme Court Rule 604(d), any issue not raised by a defendant in his motion to withdraw a plea of guilty is deemed waived on appeal. 188 Ill. 2d R. 604(d). However, if the trial court fails to give a defendant the admonitions required by Rule 402, it may constitute plain error, an exception to the waiver rule. 134 Ill. 2d R. 615; *People v. Davis*, 145 Ill. 2d 240, 250 (1991) (plain error applies where trial court gave incorrect admonitions).

■ The failure to admonish a defendant properly does not automatically require reversing the judgment or vacating the plea. *Davis*, 145 Ill. 2d at 250. "Whether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by the inadequate admonishment." *Davis*, 145 Ill. 2d at 250. In *Davis*, the trial court admonished the defendant that the sentence on his plea of guilty to burglary could range from probation to an extended-term sentence. In identifying probation as a possible sentence, the trial court failed to recognize that the defendant was ineligible for probation because he had a Class 2 felony conviction within 10 years of the burglary offense. The supreme court in *Davis* found that the trial court had incorrectly admonished the defendant about his possible sentence by indicating that the defendant could be eligible for probation. The supreme court concluded that the failure of the trial court to properly admonish the defendant required that the guilty plea be vacated and the case remanded to allow the defendant to plead anew. *Davis*, 145 Ill. 2d at 251.

■ In the instant case the trial court incorrectly admonished the defendant. We find the court's failure to admonish defendant regarding consecutive sentencing affected the defendant's right to due process and therefore should be reviewed under the plain error doctrine. 134 Ill. 2d R. 615(a). See *People v. McCracken*, 237 Ill. App. 3d 519, 521 (1992) (court's failure to admonish defendant about consecutive sentences constitutes plain error).

In *McCracken*, the defendant was charged with Class 4 driving under the influence (DUI) because he had three or more prior DUI

violations. However, he was not informed that there was a possibility that the sentence would be consecutive to a three-year prison sentence for a previous DUI conviction. The *McCracken* court found the trial court's admonitions failed to inform the defendant there was a possibility that the sentence would be consecutive to the previous three-year sentence he was serving. The *McCracken* court remanded to allow defendant to plead anew. *McCracken*, 237 Ill. App. 3d at 521-22. The court noted that whether reversal is required depends on whether real justice has been denied or whether the defendant has been prejudiced by the inadequate admonishments. *McCracken*, 237 Ill. App. 3d at 521, citing *Davis*, 145 Ill. 2d at 250.

Similarly, in the instant case, the court failed to explain to defendant that he was eligible for a consecutive sentence. The court failed to indicate whether the consecutive sentence was mandatory or discretionary. In fact, the court made no mention of the fact that defendant was eligible for a consecutive sentence. A trial court's failure to distinguish between discretionary and mandatory consecutive sentences has been recognized as impacting a defendant's decision to give up his right to a jury trial and to plead guilty. See *People v. Dorethy*, 331 Ill. App. 3d 504, 507 (2002); *People v. Hampton*, 249 Ill. App. 3d 873, 877 (1993); *People v. Brown*, 217 Ill. App. 3d 66, 69 (1991). A plea of guilty entered in reliance upon an incomplete or inaccurate representation by a trial judge or prosecutor is not considered voluntary. *People v. Matthews*, 60 Ill. 2d 123 (1975).

Here, the issue is whether Supreme Court Rule 402 was violated and whether the violation rendered the plea of guilty involuntary. *People v. Culp*, 127 Ill. App. 3d 916, 921 (1984). The record in this case reflects that the trial court did not advise defendant of the possibility of consecutive sentences. Supreme Court Rule 402 is not substantially complied with when the court fails to state the fact that the defendant is eligible for consecutive sentencing. *People v. Wills*, 251 Ill. App. 3d 640, 643 (1993). The trial court's failure to admonish defendant regarding his eligibility for consecutive sentences renders his plea involuntary. *Wills*, 251 Ill. App. 3d at 643.

Under section 5—8—4 of the Unified Code of Corrections, the trial court is responsible for determining whether sentences are to run consecutively or concurrently when imposing a term of imprisonment on a defendant who is already subject to sentence in this state. 730 ILCS 5/5—8—4 (West 1998); *McCracken*, 237 Ill. App. 3d at 521. Illinois Supreme Court Rule 402(a)(2) mandates that the court shall not accept a plea of guilty without first informing the defendant of the minimum and maximum sentences prescribed by law. Specifically, the rule requires the court to inform the defendant of "the minimum and

maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." 177 Ill. 2d R. 402(a)(2). In this case the trial court's admonitions failed to inform the defendant that his sentence would be consecutive. We hold the defendant's guilty plea must be vacated and the cause remanded to allow him to plead anew.

## IV. CONSECUTIVE SENTENCING UNDER *APPRENDI*

■ Defendant claims that his consecutive sentence is unconstitutional under *Apprendi*. For the reasons previously discussed, we vacate defendant's plea of guilty and remand for defendant to plead anew. Therefore, the *Apprendi* argument is premature. Our disposition of the defendant's issue regarding the trial court's failure to provide proper consecutive sentencing admonitions under Rule 402 makes it unnecessary for us to address the *Apprendi* issue.

However, we note that when the trial court sentenced defendant, it failed to articulate the basis for imposing the consecutive sentence. Defendant, in the motion to reconsider the sentence, indicated the consecutive sentence was imposed pursuant to section 5—8—4(h) of the Unified Code of Corrections. 730 ILCS 5/5—8—4(h) (West 1998). That section mandates a consecutive sentence when a defendant is on pretrial release on one case and is charged with committing another offense. Defendant contends that section 5—8—4(h) is unconstitutional under *Apprendi* because it allows the court to impose an increased penalty without the fact that defendant is on pretrial release being alleged in the indictment, submitted for a jury determination, and proved beyond a reasonable doubt. On remand, the *Apprendi* argument can be made by defendant to the trial judge. We remind defendant, however, that an *Apprendi*-based sentencing challenge cannot be raised on direct appeal where the defendant pleads guilty to the offense. *People v. Jackson*, 199 Ill. 2d 286, 296 (2002).

Accordingly, the sentence and plea of guilty are vacated. Defendant is allowed to plead anew. If defendant chooses to plead guilty, the trial court is directed to hold further proceedings in compliance with Supreme Court Rules 402, 604(d), and 605(b).

Sentence and plea vacated; remanded with directions.

O'BRIEN, P.J., and GALLAGHER, J., concur.