THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY J. WILLIAMS, Defendant-Appellant.

Third District    No. 3—02—0168

Opinion filed November 14, 2003.

McDADE, P.J., concurring in part and dissenting in part.

Jeremy B. Harris (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Paul Mangieri, State's Attorney, of Galesburg (Lawrence M. Bauer and Richard T. Leonard (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Anthony J. Williams, was convicted of aggravated battery with a firearm following a jury trial and was sentenced to a term of 16 years' imprisonment. On appeal, defendant maintains that the trial court erred: (1) in refusing to inquire into allegations of jury intimidation, and (2) in failing to admonish defendant regarding filing a motion for reconsideration of sentence. We affirm. As the parties are familiar with the facts herein, we will discuss the facts only as they relate to an understanding of our holding.

■ Defendant first maintains that the trial judge erred when he refused to inquire into allegations of jury fear and intimidation. He argues that this fear and intimidation may have affected his right to an impartial trial, and he asks this court to reverse his conviction and remand this cause for a new trial. The standard to be applied in determining whether to reverse a conviction based upon a tainted jury is whether it reasonably appears that at least some of the jurors have been influenced or prejudiced so that they cannot be fair and impartial.

*People v. Thomas*, 296 Ill. App. 3d 489 (1998). The burden falls upon the party challenging the juror to show that the juror has a disqualifying state of mind; mere suspicion of partiality is not enough. *Thomas*, 296 Ill. App. 3d at 500. The trial judge has substantial discretion in determining whether an improper contact with a juror has caused prejudice to the defendant. *People v. Burns*, 304 Ill. App. 3d 1, 6 (1999). Only when a defendant is prejudiced is reversal required. *Thomas*, 296 Ill. App. 3d at 501. A verdict will not be set aside when it is obvious that no prejudice resulted from a communication to the jury. *Burns*, 304 Ill. App. 3d at 6.

In the instant matter, on the morning of the second day of trial, it came to the attention of the trial judge that a phone call had been made from the Knox County jail to the home of one of the jurors in the case on the night before. The trial judge held a hearing on the matter in which testimony was received from several witnesses. The evidence established that on the first night of the trial, a telephone call had been placed from the Knox County jail to the home of one of the jurors. The juror was not home at the time, but the juror's mother took the call. The caller identified himself as "Jermaine" or "Jeremiah" and asked for the juror by first name. The juror knew the call came from the Knox County jail by the caller identification service on her telephone.

The juror informed the State's Attorney's office of the call but did not tell any of her fellow jurors about the call. She indicated to the court that she felt uncomfortable as a result of the call and, as a result, she no longer believed that she could be impartial. During her testimony, this juror also added that some of the other jurors discussed feeling uncomfortable the prior afternoon when walking out of the courtroom because people had lined up and watched or stared at the jurors as they left the courtroom.

Following the close of testimony, the defendant moved for a mistrial. The trial judge denied the motion for mistrial. However, he excused the juror who had received the telephone call from the jail. The trial judge indicated that the telephone call and the juror's reaction to it was the basis for excusing the juror. The testimony regarding the conduct of the spectators, to which the excused juror had alluded in her testimony, had nothing to do with his decision. The trial judge further indicated that he would not question the other jurors, lest they incorrectly assumed that the spectators' conduct had anything to do with the excusing of the one juror.

The defendant did not object to the trial judge's decision not to call in the other jurors and question them regarding the spectators in the courthouse. When the jury returned, the trial judge told them that

the one juror had been excused for personal reasons, and an alternate juror was appointed. The trial judge reaffirmed his ruling at the hearing on the defendant's posttrial motion, noting that he had personally observed the demeanor of the spectators in the courtroom and noted no behavior that would give rise to a need for an inquiry into jury intimidation.

We find that the trial judge acted within his sound discretion when he refused to inquire into whether there was jury fear or intimidation. The trial judge held extensive hearings regarding the telephone call from the jail to the home of one of the jurors. Based upon the evidence adduced at those hearings, the trial judge found that juror was no longer able to render a fair verdict. In contrast, there was no credible evidence to conclude that any of the other jurors were fearful or intimidated by the spectators staring at those jurors as they left the courtroom. Indeed, the dismissed juror's observation that some of the jurors felt "uncomfortable" fails to rise beyond the level of mere suspicion of partiality, which is insufficient where the burden is upon the defendant to show that a jury was tainted. *Thomas*, 296 Ill. App. 3d at 501.

The defendant maintains that *People v. Peters*, 33 Ill. App. 3d 284 (1975), *People v. Flores*, 128 Ill. 2d 66 (1989), and *People v. Staten*, 143 Ill. App. 3d 1039 (1986), all support his allegation that the trial court erred in not inquiring further into jury intimidation as a result of the one juror's observation that spectators staring made several jurors "uncomfortable." We disagree. In fact, when the cited cases are contrasted to the instant matter, the reasonableness of the trial court's decision in the instant matter is reinforced. In *Peters*, as the jurors walked across a parking lot, two men spoke to the jurors and repeated the words "not guilty" three times. Another man said to the jurors "not guilty, not guilty and I know one of the women on the jury." *Peters*, 33 Ill. App. 3d at 288. In *Flores*, the jury sent a note to the trial judge along with the verdict form. In the note, the jurors expressed "their apprehension that security in the courtroom was inadequate." *Flores*, 128 Ill. 2d at 97. In *Staten*, the jurors had been waiting in a courthouse doorway when the jurors were threatened with death by a group of young men milling about the courthouse. One of the men yelled out that if he had a gun, he would kill all of the jurors. *Staten*, 143 Ill. App. 3d at 1056. Juxtaposed against the direct threats upon the lives and safety of the jurors present in *Peters*, *Flores*, and *Staten*, in the instant matter the defendant can only posit speculation that some of the jurors were "uncomfortable" with being stared at by some of the spectators in and outside the courtroom. Other than this mere speculation, there is no evidence the jurors were prejudiced against

the defendant or that they could not be impartial. Accordingly, we find that the trial court did not abuse its discretion in denying defendant's allegation of jury intimidation.

The defendant next maintains on appeal that the trial judge erred by failing to admonish him of his appeal rights pursuant to Supreme Court Rule 605(a) (188 Ill. 2d R. 605(a)). Defendant correctly states that the trial judge did not admonish him that he must file a motion to reconsider his sentence in the trial court to preserve any sentencing issues for appellate review. The defendant asks this court to remand the cause for the trial judge to properly admonish the defendant.

■ Our review of the legal questions regarding supreme court rule compliance is *de novo. People v. Hall*, 198 Ill. 2d 173, 177 (2001). Here, there is no question that the trial court did not give the defendant the admonishments required under Rule 605(a). The question before us is not whether strict or substantial compliance with the rule is required. The question we must answer is whether this lack of any compliance with Rule 605(a) requires remand under the particular facts of this case. We hold that it does not.

■ The failure of a trial court to properly admonish a defendant as required by supreme court rule, standing alone, does not automatically establish grounds for reversing the judgment or vacating a plea. *People v. Davis*, 145 Ill. 2d 240, 250 (1991), citing *People v. Cohn*, 91 Ill. App. 3d 209, 213 (1980). Whether reversal and remand are required depends "on whether *real justice* has been denied or whether [the] defendant has been *prejudiced* by the inadequate admonishment." (Emphasis added.) *Davis*, 145 Ill. 2d at 250, citing *People v. Dudley*, 58 Ill. 2d 57, 60-61 (1974); see also *People v. Hayes*, 336 Ill. App. 3d 145, 151, 782 N.E.2d 787, 792 (2002); *People v. Blankley*, 319 Ill. App. 3d 996, 1007 (2001); *People v. Wilson*, 295 Ill. App. 3d 228, 235 (1998).

■ In the instant matter, we find that defendant has not been denied real justice, nor has he been prejudiced by the trial court's admittedly inadequate admonishment of the steps necessary to take an appeal to challenge his sentence. Defendant has not been denied real justice by the lack of the trial court's admonishment regarding the steps necessary to challenge his sentence on appeal for the simple reason that the defendant did not challenge his sentence in this appeal. We searched in vain for a reported case similar to the instant matter, *i.e.*, a defendant who did *not* appeal his sentence, but sought remand to the trial court for the proper admonishment of the steps necessary had he wished to appeal his sentence. But see *People v. Jamison*, 181 Ill. 2d 24, 26 (1998) (remand necessary where defendant appealed sentence of death); *People v. Little*, 318 Ill. App. 3d 75, 77 (2001) (remand necessary where defendant argued on appeal that his

sentence was excessive); *People v. Mazar*, 333 Ill. App. 3d 244, 245 (2002) (remand necessary where defendant "appeals from the circuit court's sentencing order on his convictions").

Likewise, we find that defendant was not prejudiced by the trial court's failure to properly admonish defendant of the steps necessary to challenge his sentence on appeal. Since defendant raised no challenge to his sentence in this appeal, his ability to raise a sentencing issue on appeal was not compromised or limited by the actions of the trial court. Thus, defendant suffered no prejudice from the lack of proper admonishment. To require remand in the instant matter, so defendant could hear the steps necessary to challenge an issue that he has no basis to challenge, would elevate form over substance without serving the ends of real justice. For this exercise in futility, we see no need.

We are aware that a trial court's failure to give proper admonishments under Rule 605(b) to a defendant entering a plea of guilty will "routinely" result in a remand for proper admonitions. *People v. Little*, 318 Ill. App. 3d 75, 79 (2001). See also *People v. Doguet*, 307 Ill. App. 3d 1, 6-7 (1999). We also note that our supreme court requires remand when the trial court has failed to strictly comply with the Rule 605(b) admonishments regarding appeals following a plea of guilty. *People v. Jamison*, 181 Ill. 2d 24, 27 (1998).

However, a careful reading of *Jamison*, *Little*, *Doguet* and other cases dealing with the admonishments under Rule 605(b) shows that remand is not required simply because the rule was violated. Rather, these courts found that failure to admonish a defendant under Rule 605(b) is *prejudicial* and violates fundamental fairness because of the corollary relationship of Rule 605(b) to Rule 604(d). As the *Little* court noted:

> "Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) defines the procedure a defendant must follow when appealing from a judgment entered on a guilty plea, and Rule 605(b) provides the admonitions the trial judge must give a defendant when imposing a sentence on the guilty plea. Rule 605(b) complements Rule 604(d) and serves as a corollary to the requirements of Rule 604(d). *People v. Jamison*, 181 Ill. 2d 24, 27 (1998).
>
> Strict compliance with Rule 604(d) is a condition precedent to a defendant's appeal, and a defendant waives issues regarding his guilty plea if he does not follow the rule. *Jamison*, 181 Ill. 2d at 28. Therefore, fundamental fairness entitles a defendant to a remand for the proper admonitions under Rule 605(b) if the trial court (1) fails to deliver the admonitions (*Jamison*, 181 Ill. 2d at 29-30) or (2) delivers inaccurate admonitions (*People v. Winston*, 316 Ill. App.

3d 618, 620 (2000); *People v. Doguet,* 307 Ill. App. 3d 1, 6-7 (1999))."
*Little,* 318 Ill. App. 3d at 79.

In other words, when a trial court fails to issue the admonishments required under Rule 605(b), a defendant's appeal rights under Rule 604(d) are compromised. In such situations, remand is necessary, not simply because of the failure to strictly comply with the Rule 605(b) *per se,* but because failure to comply with Rule 605(b), in light of the restrictions placed upon the defendant by Rule 604(d), is prejudicial and violates concepts of "fundamental fairness." *Little,* 318 Ill. App. 3d at 79. In matters regarding Rule 605(a), however, there is no corollary rule imposing strict compliance upon the defendant. Thus, where a trial court has improperly admonished a defendant as to the steps necessary to challenge a sentence imposed after a plea of not guilty, a reviewing court will look to whether real justice has been denied or whether the defendant has been prejudiced by the lack of proper admonishment. Where, as here, the defendant has not challenged his sentence in his appeal, we see no denial of real justice.

For the foregoing reasons, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

SCHMIDT, J., concurs.

PRESIDING JUSTICE McDADE, concurring in part and dissenting in part:

I concur in the decision to affirm the trial court's handling of the issues relating to the jurors, although I find aspects of the decision very troubling. As the majority has indicated, the standard for reversing conviction by a tainted jury is a reasonable showing that at least some of the jurors have been influenced or prejudiced so that they cannot be fair and impartial. The majority further notes that the challenging party has the burden of showing that the juror has a disqualifying state of mind. Only when a defendant is prejudiced is reversal required.

The problem I have is *how* a defendant can satisfy that burden with credible evidence when the trial judge fails or refuses to question the jurors about alleged prejudicial influences.

I believe that the trial judge in this case had to walk a fine line between the obligation to ensure that the jury was untainted by fear or intimidation and the need to not create such taint by suggestive questioning. Certainly some, although surely not all, reasonable people would have made the same choice the trial court made here. I,

therefore, join in concluding that there was no abuse of discretion on that issue.

I differ with the majority, however, on defendant's second claim of error. I believe that Supreme Court Rule 605 (210 Ill. 2d R. 605) mandates a remand whenever the trial court fails to give one of the admonitions required by either Rule 605(a) or Rule 605(b).

Rule 605(a), which applies in *all* cases when a defendant is convicted following a plea of not guilty and Rule 605(b), applicable in *all* cases of conviction entered on a plea of guilty, both state that at the time of imposing sentence "the trial court *shall* [also, in Rule 605(a)] advise the defendant [substantially, in Rule 605(b)] as follows." (Emphasis added.)

Cases interpreting Rule 605(b) have held that a defendant is entitled to a remand for proper admonishment when the trial court either fails to deliver the admonitions (*People v. Jamison*, 181 Ill. 2d 24, 29-30, 690 N.E.2d 995, 998 (1998)) or gives them incorrectly (*People v. Doguet*, 307 Ill. App. 3d 1, 6-7, 716 N.E.2d 818, 822 (1999)). Moreover, the cases have held that remand is not discretionary; strict compliance with the rule is required. *Jamison*, 181 Ill. 2d at 31, 690 N.E.2d at 998. Applying the principle that when the language of a supreme court rule is plain and unambiguous, courts will not read in exceptions, limitations, or other conditions, the court in *Jamison* found that this language required strict compliance with the rule and a remand if the rule was not properly followed by the trial court. *Jamison*, 181 Ill. 2d at 29, 690 N.E.2d at 998.

There is no reason to think that identical language in Rule 605(a) would not also be interpreted as requiring strict compliance with the admonitions it sets out.

Notwithstanding the unambiguous language of the rule, the majority argues that, for two reasons, we should be unconcerned with the trial court's failure to properly admonish the defendant: first, the defendant did not allege a specific sentencing error in this appeal, and second, that strict compliance with Rule 605(a) is unnecessary, because there is no rule that requires strict compliance from the defendant, like there is with Rule 604(d) with respect to Rule 605(b). These reasons, the majority argues, preclude the need for strict compliance with the rule. I do not believe either reason has intrinsic merit.

Although the majority contends that strict compliance is not required here because the defendant has not alleged any specific sentencing errors, it cites no authority for this proposition. In fact, there is none. No case holds that a failure to allege a specific sentencing error obviates the need for strict compliance with the rule. Indeed,

in *Mazar*, the defendant did not identify a specific sentencing error on appeal, other than the failure of the trial court to properly admonish. Despite this, *Mazar* was remanded. See generally *Mazar*, 333 Ill. App. 3d 244, 775 N.E.2d 135. The majority apparently believes otherwise, however, relying on the first sentence in *Mazar*, which states that the defendant "appeals from the circuit court's sentencing order on his convictions." *Mazar*, 333 Ill. App. 3d at 245, 775 N.E.2d at 137. It is the only sentence in the opinion that hints at the existence of alleged sentencing errors in that case. It could be, however, that the improper admonishment was the only sentencing error alleged. That would not be surprising, since any sentencing error would not properly be before the appellate court, due to the trial court's failure to properly admonish, and the defendant's consequent failure to preserve sentencing errors for review.

Here, too, it would be inappropriate for the defendant to allege sentencing errors at this stage in the case. The defendant's only recourse at this point is to seek remandment for proper admonishment, so that error may be preserved. The majority assumes that there are no independent grounds for challenging the sentence. There is no reason to make that assumption. Furthermore, it is not clear that the defendant is obliged to allege such error at this point in the proceedings. Simply put, the clear language of the rule requires strict compliance and it is inappropriate for this court to attempt to craft an exception to the rule not supported by its text. *Jamison*, 181 Ill. 2d at 29, 690 N.E.2d at 998.

The majority asserts that "[t]he failure *** to properly admonish a defendant ***, *** alone, does not automatically establish grounds for reversing the judgment or vacating a plea" (344 Ill. App. 3d at 338, citing *People v. Davis*, 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719 (1991); *People v. Cohn*, 91 Ill. App. 3d 209, 213, 414 N.E.2d 543, 547 (1980)), and that whether reversal and remand are required depends on whether real justice has been denied or whether the defendant has been prejudiced by the inadequate admonishment. *Davis*, 145 Ill. 2d at 250, 582 N.E.2d at 719; *People v. Dudley*, 58 Ill. 2d 57, 60-61, 316 N.E.2d 773, 774-75 (1974); *People v. Hayes*, 336 Ill. App. 3d 145, 151, 782 N.E.2d 787, 792 (2002); *People v. Blankley*, 319 Ill. App. 3d 996, 1007, 777 N.E.2d 16, 25 (2001); *People v. Wilson*, 295 Ill. App. 3d 228, 235, 692 N.E.2d 422, 427 (1998).

I do not disagree with the existence of the principle, but I do not believe that it is applicable to cases involving Rule 605(a). An examination of the cases cited above reveals that they uniformly deal with failure of the trial court to comply with Supreme Court Rule 402, which requires that the trial court admonish a defendant who intends

to plead guilty, at his sentencing hearing and in open court, of various aspects of the plea agreement. 177 Ill. 2d R. 402(a). The purpose of the rule is to ensure that a defendant understands his plea, the rights he has waived by pleading guilty, and the consequences of his actions. *People v. Wilson*, 295 Ill. App. 3d at 234, 692 N.E.2d at 427. Furthermore, substantial compliance (as opposed to strict compliance) with the rule is all that is required. *People v. Burt*, 168 Ill. 2d 49, 64, 658 N.E.2d 375, 382 (1995).

The question of whether the trial court has complied with the requirements of Rule 402 or with Rule 605 involves two distinct inquiries. With respect to Rule 402, a failure to comply with the admonishment requirement may render the plea agreement involuntary and the conviction unconstitutional. Nonetheless, our courts have held that the conviction need not necessarily be overturned (*People v. Dudley*, 58 Ill. 2d at 60, 316 N.E.2d at 774) and have traditionally looked beyond the question of whether the rule was complied with, to determine whether the principle that the rule is intended to protect has been honored. Therefore, a reviewing court will not overturn a conviction based on a guilty plea merely on the basis of improper admonition, but will examine, from the facts of the case, whether the plea was involuntary or otherwise unjust. The supreme court in *Dudley* states the issue quite clearly: " 'It is not the policy of this court to *reverse a judgment of conviction* merely because error was committed unless it appears that real justice has been denied.' " (Emphasis added.) *Dudley*, 58 Ill. 2d at 61, 316 N.E.2d at 775, quoting *People v. Morehead*, 45 Ill. 2d 326, 332, 259 N.E.2d 8, 11 (1970).

In this case, we are not asked to overturn a conviction. Rather, we are asked to remand the case for proper postconviction admonishments, so that the defendant may have the opportunity to appeal his sentence, if he so chooses. The courts of this state have consistently and unanimously held that strict compliance with Rule 605 is required. I see no reason to depart from that rule here.

For an illustration of my point that Rules 605 and 402 operate differently, see *People v. Hayes*, in which the court dealt with a challenge to the trial court's failure to properly admonish under both Rule 605(b) and Rule 402(a). The court engages in a long analysis of whether the trial court's failure to admonish pursuant to Rule 402(a) prejudiced the defendant or denied him real justice. *Hayes*, 336 Ill. App. 3d at 149-153, 782 N.E.2d at 791-93. The court does not engage in a similar analysis with respect to the failure to admonish under Rule 605(b). Rather, the court states that "[s]trict compliance with Rule 605(b) is required" (*Hayes*, 336 Ill. App. 3d at 147, 782 N.E.2d at 789) and that the appropriate remedy for a failure to properly admonish is remand

to the circuit court for compliance with the rule (*Hayes*, 336 Ill. App. 3d at 147-48, 782 N.E.2d at 789-90). There was absolutely no discussion of whether the defendant was prejudiced or denied real justice.

Finally, the distinction between Rule 605 and Rule 402 is supported by the language of the rules. As noted earlier, Rule 605 demands that "in all cases" the trial court "shall" give the relevant admonishments. 210 Ill. 2d Rs. 605(a)(1), (a)(2), (b). Rule 402, on the other hand, only requires that "there must be substantial compliance with the following [admonition requirements]." 177 Ill. 2d R. 402(a). The text of the rules themselves does not support the connection the majority attempts to draw.

The majority next argues that strict compliance with Rule 605(a) is not required, because there is no corollary rule that imposed strict compliance with obligations on the defendant. As a demonstration of the argument, the majority points to the relationship between Rule 604(a), which imposes obligations requiring strict compliance on the defendant in order to preserve errors in sentencing on a plea of guilty, and Rule 605(b), which requires the trial court to admonish the defendant of those obligations. As the majority notes, "when a trial court fails to issue the admonishments required under Rule 605(b), a defendant's appeal rights under Rule 604(d) are compromised." 344 Ill. App. 3d at 340.

The majority is correct, insofar as there is no supreme court rule that acts as a corollary to Rule 605(a). However, section 5—8—1 of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 2002)) stands in the same relationship to Rule 605(a) as Rule 604(a) does to Rule 605(b). The mandatory language of section 5—8—1(c) requires strict compliance with its provisions to preserve error for appeal. *People v. Reed*, 177 Ill. 2d 389, 392, 686 N.E.2d 584, 585 (1997). In this sense, the section is analogous to Rule 604(d). Compare *People v. Lewis*, 158 Ill. 2d 386, 390, 634 N.E.2d 717, 719 (1994) (holding that pre-amended section 5—8—1(c), with no mandatory language, is not analogous to Rule 604(d)), with *Reed*, 177 Ill. 2d at 392, 686 N.E.2d at 585 (holding that amendment adding mandatory language to section 5—8—1(c) abrogates the holding in *Lewis*). Therefore, since the defendant is required to strictly comply with section 5—8—1(c), fundamental fairness requires the trial court to strictly comply with Rule 605(a). *Cf. Little*, 318 Ill. App. 3d 75, 79, 743 N.E.2d 594, 597-98 (2001) (noting that because Rule 604(d) requires strict compliance from the defendant, fundamental fairness requires that the trial court strictly comply with the rule's corollary, Rule 605(b)).

For these reasons, I believe the trial court's failure to admonish

the defendant of the requirement for filing a motion to reconsider sentence in order to perfect his appeal mandates a remand for proper Rule 605(a) admonitions. The rule requires *strict compliance,* and the majority has not stated any persuasive reason to depart from that general rule. I, therefore, dissent from the decision of the majority to the contrary.